MILLS, Judge.
The issue in this workers’ compensation appeal is whether the deputy commissioner erred in awarding attorney’s fees to Gonzalez based on Section 440.34(3)(b), Florida Statutes (1981). We find that the award is supported by competent substantial evidence and affirm.
Gonzalez suffered a compensable injury on 1 September 1981 resulting in her hospitalization at the Palmetto General Hospital in Hialeah from 12 September 1982 through 24 September 1982. The bill for her stay there was $6,762.42.
Gonzalez’ attorney notified the carrier, United States Fidelity & Guaranty Company (USF & G), of the hospitalization by letters dated 20 September 1982 and 3 November 1982. USF & G made no attempt to pay the bill at that time, however, and the hospital soon began to attempt to collect the bill directly from Gonzalez.
Gonzalez submitted a claim for benefits and an application for hearing on 19 January 1983, requesting payment of the hospital bill, two doctors’ bills, and attorney’s fees. The evidence adduced at the hearing showed that USF & G received an itemized copy of the hospital bill on 24 November 1982. Paul Figoni, a claims supervisor with the carrier, questioned the amount of some of the medication that Gonzalez had received during her stay in the hospital, and he hired Valerie Gray, a registered nurse, to review the bill.
*1147 Gray picked up the bill at USF & G’s office sometime in December but did not submit her report until 1 February 1983. In her report, she noted that Gonzalez had received amounts of the medication Mefox-in which, in Gray’s opinion, exceeded the usual recommended dosages.
After receiving the report, Figoni made several attempts to contact Gonzalez’ treating physician to inquire about the excessive medication, but to no avail. USF & G finally paid the bill voluntarily on 4 March 1983.
The deputy commissioner entered an order finding that Gonzalez was entitled to an award of attorney’s fees based either on USF & G’s bad faith handling of the claim or on the fact that the claim was one for medical benefits only. See Section 440.-34(3)(a), Florida Statutes (1981).
This Court held in Legal Aid Services of Broward County v. Logsdon, 421 So.2d 1 (Fla. 1st DCA 1982), that a six-month delay in the payment of a claimant’s hospital bill provided a sufficient basis to support the deputy commissioner’s finding of bad faith. Compare Exceptional Children’s Home & Nursery, Inc. v. Fortuna, 414 So.2d 1130 (Fla. 1st DCA 1982). As in Logsdon, the facts of the instant case support the deputy’s finding of bad faith, and the employer and carrier have not shown the clear abuse of discretion or departure from the law that is required by Florida Erection Services, Inc. v. McDonald, 395 So.2d 203 (Fla. 1st DCA 1981).
USF & G’s concern over whether Gonzalez had received excessive medication did not excuse its delaying payment of the uncontested portion of the bill for a period of over three months. Moreover, even after Gray’s report was received, USF & G delayed payment for over a month.
Because we affirm the deputy commissioner’s finding of bad faith, we do not reach the question of whether the award of attorney’s fees in this case could be supported by Section 440.34(3)(a), Florida Statutes (1981).
The order appealed is affirmed.
WENTWORTH, J., and McCORD, GUYTE P., Jr., (Ret.), Associate Judge, concur.